U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 MAR 13 PM 4:47

CLERK
BY ᴸᴬᵂ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:18-cr-00085 |
| ) | |
| DONNY THERRIEN ) | |

### OPINION AND ORDER
### DENYING DEFENDANT'S MOTION TO SUPPRESS
(Doc. 16)

Defendant Donny Therrien is charged in a one count Indictment alleging he knowingly transported child pornography in, or affecting, interstate or foreign commerce by any means, including by computer in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1). On December 19, 2018, Defendant filed a motion to suppress (Doc. 16), contending that his personal information was improperly subpoenaed from Google in violation of the Fourth Amendment to the United States Constitution. He seeks suppression of all evidence obtained via the subpoena. The government opposed the motion on January 16, 2019. The court took the motion under advisement on January 30, 2019.

Defendant is represented by Assistant Federal Public Defenders Elizabeth K. Quinn and Steven L. Barth. The government is represented by Assistant United States Attorneys Eugenia A. Cowles, Nathanael T. Burris, and Paul J. Van de Graaf.

### I. Findings of Fact.

The following facts are derived from the parties' briefing as they waived an evidentiary hearing. On March 15, 2018, a subpoena was issued to obtain subscriber information from Google which is allegedly associated with Defendant.

On February 3, 2018, an order for eighty-five photograph prints was placed with the online company Photo Affections. Photo Affections outsources its photo printing to District Photo, Inc., which is located in Beltsville, Maryland. District Photo received the order and printed the photographs. Some of the photos allegedly contained images which

constitute child pornography. The order was canceled after the photographs were printed but before they were mailed to the person or persons who placed the order. On February 5, 2018, an employee of District Photo informed the Federal Bureau of Investigations that District Photo was concerned that some of the photographs may contain child pornography. Law enforcement subsequently discovered that an e-mail address, donaldpalm1985@gmail.com, was associated with the order.

A grand jury subpoena was issued on March 15, 2018 to obtain subscriber information from Google pertaining to the donaldpalm1985@gmail.com account. In response, Google produced subscriber information, services utilized by the account, the date the account was created, the date and time of the last login, and the IP addresses associated with the account from December 6, 2017 through March 15, 2018. Defendant seeks suppression of all evidence obtained pursuant to the grand jury subpoena.

## II. Conclusions of Law and Analysis.

Defendant asserts that law enforcement violated the Fourth Amendment in obtaining records from Google without a warrant, contending that he had a reasonable expectation of privacy in the account information provided to the government. The government responds that no Fourth Amendment violation occurred because Defendant does not have a reasonable expectation of privacy in business records maintained by a third party. Defendant argues that the United States Supreme Court decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), forecloses the government's ability to obtain this type of data without a warrant.

The Fourth Amendment to the United States Constitution provides that:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. "[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33 (2001).

2

In *Carpenter v. United States*, the Supreme Court held that cell-site location information ("CSLI") was not subject to the third-party doctrine. It reasoned that "the notion that an individual has a reduced expectation of privacy in information knowingly shared with another" or that an individual has engaged in "voluntary exposure" by his or her mere physical movements and use of a cell phone extends the doctrine too far because "[w]hether the Government employs its own surveillance technology . . . or leverages the technology of a wireless carrier, we hold that an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI." *Carpenter*, 138 S. Ct. at 2217, 2219-20. In so ruling, the Court focused on the "special solicitude for location information" which protects individuals from warrantless searches of "detailed chronicle[s]" of their movements. *Id.* at 2219-20. The Court further reasoned that because there was no way for individuals possessing cell phones to avoid generating CSLI and because cell phones are now effectively a necessity of daily life, it was unreasonable to conclude that an individual voluntarily exposed CSLI information to a third party. *Id.* at 2220. The Court described its decision in *Carpenter* as "narrow" noting it "[did] not disturb the application of *Smith* [*v. Maryland*, 442 U.S. 735 (1979)] and [*United States v.*] *Miller*[, 425 U.S. 435 (1976),] or call into question conventional surveillance techniques and tools, such as security cameras. Nor [does it] address other business records that might incidentally reveal location information." *Id.*

Since *Carpenter*, courts have held that IP address information and similar information still fell "comfortably within the scope of the third-party doctrine" because "[t]hey had no bearing on any person's day-to-day movement" and "[the defendant] lacked a reasonable expectation of privacy in that information." *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018). "The privacy interest in this type of identifying data, which presumably any [internet provider] employee could access during the regular course of business, simply does not rise to the level of the evidence in *Carpenter* such that it would require law enforcement to obtain a search warrant." *United States v. Tolbert*, 326 F. Supp. 3d 1211, 1225 (D.N.M. 2018); *see also United States v. Rosenow*, 2018 WL 6064949, at *11 (S.D. Cal. Nov. 20, 2018) ("The Court

3

concludes that Defendant had no reasonable expectation of privacy in the subscriber information and the IP log-in information Defendant voluntarily provided to the online service providers in order to establish and maintain his account."); *United States v. Felton*, 2019 WL 659238, at *5 (W.D. La. Feb. 15, 2019) ("This Court finds that first, the third-party doctrine is relevant in part because [defendant's] use of the IP address is not so closely related to his 'home' that the Court can say that there is a privacy interest as to his papers and personal effects.").

In this case, law enforcement obtained information that an account holder voluntarily turned over to Google. This information is squarely within the third-party doctrine and requires a different result than in *Carpenter*. As a result, Defendant did not possess a reasonable expectation of privacy in the information obtained by law enforcement.

Defendant contends that the third-party disclosure doctrine is not "a hard and fast rule and is instead simply one factor in the overall-reasonable-expectation-of-privacy analysis." (Doc. 16 at 8.) The third-party disclosure doctrine is nevertheless "dispositive" to the extent that Defendant "cannot claim a reasonable expectation of privacy in the government's acquisition of his subscriber information, including his IP address and name from third-party service providers." *United States v. Wheelock*, 772 F.3d 825, 828-29 (8th Cir. 2014) (alteration and internal quotation marks omitted).[1]

---

[1] The court need not and does not reach the issue of whether the good faith exception to the Fourth Amendment's exclusionary rule applies.

4

## CONCLUSION

For the reasons stated above, Defendant's motion to suppress is DENIED. (Doc. 16.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of March, 2019.

Christina Reiss, District Judge
United States District Court